UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

CARY WEISS
1537 Crooks Street
Green Bay, Wisconsin 54302

       Plaintiff,

       v.                                 Case No: 13-C-0584

AER SERVICES, INC.             **JURY TRIAL DEMANDED**
3720 West Touhy Avenue
Skokie, Illinois 60076

       Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Cary Weiss, by his counsel, HEINS & MINKO LLC, by Attorneys Janet L. Heins, Erica N. Reib, and Michael J. Gentry, as and for a claim against the Defendant, alleges and shows to the court as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under 31 U.S.C. § 3730 and 28 U.S.C. § 1367, as this case involves supplemental jurisdiction.

2. The unlawful practices of which Plaintiff complains occurred within the Eastern District of Wisconsin, and therefore, venue is proper in this District.

3. The Plaintiff, Cary Weiss, is an adult male resident of the State of Wisconsin residing in Brown County with a post office address of 1537 Crooks Street, Green Bay, Wisconsin 54302.

4. Defendant, AER Services, Inc., was, at all times material herein, a foreign corporation doing business in the State of Wisconsin that provides slaughtering services for companies that sell kosher meat products in the course of interstate commerce, with its principal office located at 3720 West Touhy Avenue, Skokie, Illinois 60076.

5. Defendant contracts with ConAgra Foods, Inc.'s brand Hebrew National to provide kosher meat processing and inspection services, including slaughtering.

6. Defendant hired Plaintiff in approximately 2006 as a Shochet (Ritual Slaughterer).

7. Plaintiff worked on Defendant's killing floor engaged in the ritual slaughter of animals for meat throughout his employment by Defendant.

8. At all times material herein, Plaintiff worked for Defendant at the 1010 University Avenue location in Green Bay, Wisconsin.

9. Upon information and belief, 85% of Defendant's employees were on R-1 work visas from Israel that were granted by the U.S. Embassy in Tel Aviv, Israel and petitioned for by a synagogue allegedly located in the Ravenswood neighborhood of Chicago, specifically, the Ravenswood Budlong Congregation, located at 2701 West Foster Avenue, Chicago, Illinois 60625.

10. On some of Defendant's R-1 visa petitions used for a lengthy amount of time, Defendant deceptively describes the Ravenswood Budlong Congregation (which they used as a front to request workers for their business) as a large, flourishing, active synagogue and requests that religious kosher workers be granted work visas in order to work in kosher meat production.

11. The Ravenswood Budlong Congregation synagogue location is an empty lot and

2

has been empty for at least several years.

12. When Plaintiff discovered that there was no Ravenswood Budlong Congregation synagogue, he approached Defendant's Vice President of Operations, Rabbi Moshe Fyzakov, to inform him of Plaintiff's findings and to tell him that the petitions for R-1 work visas from a phantom entity were illegal because it was defrauding the United States government.

13. Defendant took no action in response to Plaintiff's report of immigration fraud to the Defendant.

14. Beginning in approximately 2009-2010, Plaintiff began reporting his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to the United States Division of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE") office in Oakbrook Terrace, Illinois.

15. Plaintiff continued to inform ICE regarding his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas throughout his employment with Defendant.

16. Upon information and belief, Defendant knew or should have known that Plaintiff continued to inform ICE regarding his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas throughout his employment with Defendant.

17. Plaintiff reported his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to the U.S. Embassy in Tel Aviv, Israel.

18. Upon information and belief, Defendant knew or should have known that Plaintiff

3

reported his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to the U.S. Embassy in Tel Aviv, Israel.

19. Due to Plaintiff's reports of immigration fraud to the U.S. Embassy in Tel Aviv, Israel, Defendant had increasing difficulties getting R-1 visas for workers and had an increasing shortage in manpower because of those difficulties.

20. Plaintiff sent packets of information regarding his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to the Federal Bureau of Investigation Director.

21. Plaintiff sent packets of information regarding his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to United States Secretary of Homeland Security Janet Napolitano.

22. Plaintiff sent packets of information regarding his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to the United States Department of Homeland Security, Office of Inspector General.

23. Plaintiff sent packets of information regarding his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to United States Citizen and Immigration Services ("USCIS") office in Washington, D.C.

24. Plaintiff sent packets of information regarding his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to the USCIS office in Milwaukee, Wisconsin.

25. Plaintiff sent packets of information regarding his belief that Defendant was

defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to the United States Department of State.

26. Upon information and belief, Defendant knew or should have known that Plaintiff reported his belief that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas to various federal government agencies of the United States.

27. On Friday, June 1, 2012, Yosef Ben-Zaken, a Supervisor for Defendant, informed Plaintiff that he was to report for work beginning Monday, June 4, 2012, at Defendant's Windom, Minnesota location, which is approximately four hundred twenty miles from Green Bay, Wisconsin.

28. Plaintiff requested that he be allowed to arrive at the Windom, Minnesota location on Tuesday, June 5, 2012 so that he could prepare for and observe Shabbat and have time to relocate.

29. Plaintiff left a message for Fyzakov that he was willing to report to the Windom, Minnesota location on Tuesday, June 4, 2012. Fyzakov did not return Plaintiff's call.

30. On June 5, 2012, Defendant sent Plaintiff a letter stating that he did not arrive to work on June 4, 2012 and was replaced by another employee, thereby terminating Plaintiff's employment.

31. Defendant's request for Plaintiff to relocate and his subsequent termination were retaliation for Plaintiff's reporting Defendant to various government agencies for defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas.

32. Fyzakov kept a mental list of people, including Plaintiff, who he believed were informing authorities regarding Defendant's defrauding the government by using Ravenswood's non-existent congregation to petition for R-1 work visas, which was increasingly harming Defendant's business.

## FIRST CLAIM FOR RELIEF –

## FALSE CLAIMS ACT WHISTLEBLOWER RETALIATION

33. Plaintiff realleges and incorporates paragraphs 1-32 of this complaint by reference.

34. Defendant terminated Plaintiff in retaliation for Plaintiff reporting Defendant to various government agencies for knowingly presenting false information to the government by using Ravenswood's non-existent congregation to petition for R-1 work visas, in violation of the False Claims Act, 31 U.S.C. § 3730(h), and in reckless indifference to and/or intentional disregard of his federally protected rights.

35. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering, emotional distress, humiliation and degradation, and loss of wages and other employment benefits.

## SECOND CLAIM FOR RELIEF – WRONGFUL DISCHARGE

36. Plaintiff realleges and incorporated paragraphs 1-35 of this complaint by reference.

37. Defendant wrongfully discharged Plaintiff in violation of the public policy of the State of Wisconsin Constitution, Section 9 by terminating him for refusing to stop reporting that Defendant was defrauding the government by using Ravenswood's non-existent congregation to petition for work visas.

38. As a result of Defendant's actions, Plaintiff has suffered damages in the form of loss

of wages and other employment benefits, prejudgment interest and post-judgment interest.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, reinstatement and/or front pay, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorney fees, costs and disbursements as provided by 31 U.S.C. § 3730(h)(2), and by all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY OF TWELVE AS TO ALL TRIABLE ISSUES.**

Dated this 27th day of May, 2013.

                                                  HEINS & MINKO LLC
                                                Counsel for the Plaintiff

                                                ___s/ *Janet L. Heins*_____.
                                                Janet L. Heins, State Bar No. 1000677
                                                David Minko, State Bar No. 1047067
                                                Erica N. Reib, State Bar No. 1084760
                                                Michael J. Gentry, State Bar No. 1091204

HEINS & MINKO LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com
dminko@heinslawoffice.com
ereib@heinslawoffice.com
mgentry@heinslawoffice.com