UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

CARY WEISS                                            Court File No. 13-C-0584
1537 Crooks Street
Green Bay, Wisconsin 54302

    Plaintiff,                **ANSWER/COUNTER SUIT**

vs.

AER SERVICES, INC.
3720 West Touhy Avenue
Skokie, Illinois 60076

    Defendant.

---

  Defendant, by and through its attorneys Neaton & Puklich for its Answer and Counter Suit to Plaintiff's Complaint, states and alleges as follows:

  1. Except as hereinafter admitted, answered or otherwise qualified, Defendant denies each and every fact, matter and allegation contained in Plaintiff's Complaint.

  2. In answering paragraph 1 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over this matter; but denies all remaining allegations contained in this paragraph.

  3. In answering paragraph 2 of Plaintiff's Complaint, Defendant admits that venue is proper; but denies all remaining allegations contained in this paragraph.

  4. In answering paragraph 3 of Plaintiff's Complaint, Defendant states that it is without sufficient knowledge or information for it to admit or deny the allegations contained in this paragraph and therefore denies the same.

1

5. In answering paragraph 4 of Plaintiff's Complaint, Defendant admits that AER Services, Inc. ("AER") is an Illinois corporation with its principal place of business located at 3720 West Touhy Avenue, Skokie, IL 60076; but denies that the description of AER's business is complete.

6. Defendant admits that it provides kosher services for ConAgra.

7. In answering paragraph 6, Defendant alleges that the parties' employment agreement provides the relevant dates of employment, job duties and otherwise speaks for itself.

8. In answering paragraph 7 of Plaintiff's Complaint, Defendant admits that Plaintiff worked for Defendant as a temporary worker who performed shochet duties.

9. In answering paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff worked at the 1010 University Avenue location in Green Bay, Wisconsin.

10. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint, as the percentage of people working for or with Defendant varies.

11. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

15. In answering paragraph 14 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding

Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 14 of Plaintiff's Complaint.

16. In answering paragraph 15 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 15 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

18. In answering paragraph 17 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 17 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

21. In answering paragraph 20 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 20 of Plaintiff's Complaint.

22. In answering paragraph 21 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding

Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 21 of Plaintiff's Complaint.

23. In answering paragraph 22 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 22 of Plaintiff's Complaint.

24. In answering paragraph 23 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 23 of Plaintiff's Complaint.

25. In answering paragraph 24 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 24 of Plaintiff's Complaint.

26. In answering paragraph 25 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 25 of Plaintiff's Complaint.

27. In answering paragraph 26 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff told any person or entity regarding Defendant and therefore denies same. Further, Defendant denies each and every remaining allegation contained in paragraph 26 of Plaintiff's Complaint.

28. Admit the allegations contained in paragraph 27 of Plaintiff's Complaint.

29. In answering paragraph 28 of Plaintiff's Complaint, it is unknown if Plaintiff made a request or to whom. Defendant denies that Plaintiff did not have the time to travel to Windom.

30. Upon information and belief, Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

31. Defendant admits the allegations contained in paragraph 30 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

34. Paragraph 33 does not require a response. To the extent there are any inferences, all such claims of liability to Plaintiff are denied.

35. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

37. Paragraph 36 does not require a response. To the extent there are any inferences, all such claims of liability to Plaintiff are denied.

38. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint**.**

## AFFIRMATIVE DEFENSES

40. Plaintiff's Complaint fails, in whole or in part, to state any claim for which relief may be granted.

41. Plaintiff cannot prove each element of his respective claims against Defendant.

42. Plaintiff's claims against Defendant are barred by his own unclean hands and by equitable estoppel.

43. Plaintiff's claims are barred by the applicable statute of limitations, in whole or in part.

44. Plaintiff engaged in affirmative conduct that bars his claims.

45. Plaintiff did not report any alleged wrongful conduct to Defendant and Defendant had no knowledge that Plaintiff alleged or made any protected reports.

46. Plaintiff has failed to mitigate any of his purported damages.

47. At all times relevant to this action, Defendant acted reasonably and without malice, and in good faith toward Plaintiff and in compliance with all applicable laws.

48. All employment decisions by Defendant concerning Plaintiff were based on legitimate business reasons and not any discriminatory or retaliatory animus.

49. Plaintiff's claims fail to the extent they are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unjust enrichment, unclean hands and/or after acquired evidence, as well as principles of equity.

50. Pending the conclusion of further discovery and investigation, Defendant respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

## COUNTERCLAIM

1. On or about March 16, 2011 Plaintiff and Defendant entered into a "Substitute/Stand-In Employment" agreement. Attached hereto as Exhibit A is true and correct copy of the parties' agreement. Defendant provides kosher services in various "slaughterhouse" plants; among these plants are plants located in Green Bay, Wisconsin and Windom, Minnesota.

2. Pursuant to the parties' agreement, the parties specifically agreed: "Moreover, you agree that your duties, responsibilities, reporting relationships to your supervisors and the location of your employment may be changed by the Company from time to time, and that these changes will not affect or change any other part of this Agreement, nor constitute the basis for a claim of constructive dismissal on your part."

3. , Defendant was made aware on June 1, 2012 that it was in need of a shochet in a plant located in Windom, Minnesota. As such, in order to ensure that the Windom, Minnesota plant was operating at an acceptable capacity, on June 1, 2012 Defendant advised Plaintiff that he was being relocated to Windom, Minnesota effective Monday, June 4, 2012. Plaintiff accepted the transfer but did not show up for work.

4. In 2012 a class action was brought against ConAgra in the Federal District of Minnesota, Case No: 12-CV-01354 ("the ConAgra litigation"). In the ConAgra litigation, the purported plaintiffs alleged various claims against ConAgra stemming from an allegation that strict kosher standards were not followed in connection with certain meat products sold by ConAgra. Defendant was not a named party to the litigation but was mentioned in the pleadings and certainly integral to the case.

5. In or about December 2012, Plaintiff approached Defendant and advised Defendant that he had been contacted by the ConAgra plaintiffs, had information that could

purportedly assist the ConAgra plaintiffs but would prefer to resolve the issue with Defendant. Defendant interpreted its "offer" as an extortion attempt and did not want to interfere with the ConAgra litigation; therefore, declined the invitation. The claim against ConAgra was dismissed by the Trial Court and is currently on appeal.

6. In or about December 2012, Plaintiff also advised Defendant that he [Plaintiff] possessed information about Defendant allegedly assisting Israeli citizens to unlawfully gain entry to the United States to participate in the kosher process.

7. At no point in time prior to December 2012 did Plaintiff ever advise Defendant of any alleged failure to observe kosher standards and/or any alleged participation in unlawfully assisting Israeli citizens to gain entry into the United States.

8. Because of the nature of Defendant's business, Defendant has worked with Israeli citizens who have obtained lawful entry into the United States. Defendant has consulted with the United States Immigration and Customs Enforcement ("ICE") to ensure all of its practices are in compliance with applicable laws. Moreover, Ravenswood Congregation is and has always been in good standing.

9. Simply put, Plaintiff's employment with Defendant ended because Plaintiff did not show up for work at the agreed location.

## COUNT I

### Abuse of Process

10. Defendant realleges and incorporates paragraphs 1 - 9 of this Counterclaim by reference.

11. Plaintiff commenced this action for the ulterior purpose of seeking retribution and punishment for Defendant's refusal to succumb to Plaintiff's extortion efforts. There is no

reasonable basis to assert that Defendant terminated Plaintiff for the reason(s) outlined in Plaintiff's complaint. Plaintiff's action is a malicious perversion of a regularly issued process now being used to achieve the unlawful and improper purpose of coercing money from Defendant.

12. In so utilizing this action for ulterior purposes and intending to achieve a result outside the scope of such proceedings, Plaintiff committed the tort of abuse of process.

13. As a direct and proximate result of Plaintiffs abuse of process in the commencement and frivolous prosecution of this action, Defendant suffered damages and will continue to suffer damages, the exact amount of which will be proven with specificity at trial.

WHEREFORE, Defendant prays that the Court issue an Order:

1. Dismissing Plaintiff's Complaint with prejudice and on the merits;

2. Granting judgment to Defendant against Plaintiff on Count I of Defendant's Counterclaim and on each of the claims raised in Plaintiff's Complaint;

3. Granting Defendant damages to be proven at trial together with costs and expenses including, if applicable and appropriate, Defendant's reasonable attorneys' fees; and

4. Granting Defendant such other and further relief as the Court deems just and equitable.

NEATON & PUKLICH, P.L.L.P.

Dated: July 23, 2013

/s/ Michael L. Puklich
Michael L. Puklich (#0250661)
*Attorney for Defendant*
7975 Stone Creek Drive
Chanhassen, MN 55317
(952) 258-8444

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, Subd. 2 to the party against whom the allegations in this pleading are asserted.

_____
Michael L. Puklich